**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CALYPSO WIRELESS, INC., | § | |
| DRAGO DAIC, | § | |
| JIMMY WILLIAMSON P.C. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **Case No. 2:12-cv-667** |
| v. | § | |
| | § | **Jury Demanded** |
| T-MOBILE USA, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

CALYPSO WIRELESS INC. ("Calypso"), DRAGO DAIC ("Daic"), and JIMMY WILLIAMSON, P.C. ("Williamson") (Collectively "Plaintiffs") complain of T-MOBILE USA, INC. ("T-Mobile" or "Defendant"), and for cause of action would respectfully show the following:

### I.      NATURE OF ACTION

1.       This is an action for infringement of United States Patent 6,680,923 (the "'923 Patent") by T-Mobile.

### II.      PARTIES

2.       Plaintiff Calypso Wireless, Inc. is a Delaware corporation with its principal place of business in Wilmington, Delaware.

3.       Plaintiff Drago Daic is an individual residing in Harris County, Texas.

4.       Plaintiff Jimmy Williamson, P.C. is a professional corporation with its principal place of business in Harris County, Texas.

5.      Defendant T-Mobile USA, Inc. is a Delaware corporation and may be served with citation by serving its registered agent for service of process Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.      JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiffs' patent infringement claims pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et. seq., and pursuant to 28 U.S.C. § 1338.

7.      This Court has personal jurisdiction over T-Mobile because T-Mobile actively markets and conducts business in the Eastern District of Texas, such that T-Mobile's appearance in this case does not offend traditional notions of fair play and substantial justice.  On information and belief, Defendant has committed and continues to commit acts of direct and/or indirect patent infringement, as alleged in this Complaint, in this district and elsewhere within the State of Texas.  For example, on information and belief, T-Mobile has engaged in acts of infringement in this district by offering to sell and/or selling products or services that utilize technology for switching wireless communications between networks within the scope of one or more of the claims of the patent-in-suit, U.S. Patent No. 6,680,923.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because certain of the acts complained herein occurred in this judicial district.  T-Mobile actively sells its infringing products and/or services within this judicial district.

### IV.      GENERAL ALLEGATIONS

9.      On January 20, 2004, U.S. Patent No. 6,680,923, entitled "Communication System and Method" ("the '923 Patent"), was duly and legally issued to inventor Robert Leon.

10.      Calypso, Daic and Williamson are co-owners of all right, title and interest in and to the '923 Patent.

11.     The '923 Patent generally relates to technology for switching data communications between, for example, a cellular network and WiFi network, using, among other things, wireless routers or other wireless devices.

12.     T-Mobile has infringed and continues to infringe the '923 Patent. The infringing acts include, but are not limited to, the manufacture, use, offering for sale, sale, or importation of software/firmware, hardware and/or services embodying the invention of the '923 Patent. T-Mobile is liable for infringement of the '923 Patent pursuant to 35 U.S.C. §§ 271, 281.

## V.     CLAIM FOR PATENT INFRINGEMENT

13.     Plaintiffs repeat and re-allege the allegations of paragraphs 1-12 above as if fully set forth herein.

14.     The '923 Patent is valid and presumed valid under 35 U.S.C. § 282.

15.     T-Mobile has been and is infringing, literally or under the doctrine of equivalents, one or more claims of the '923 Patent, directly or indirectly pursuant to 35 U.S.C. § 271(a), (b), (c) or (f) by making, using, importing, selling, and/or offering for sale products and/or services that come within and/or are operated within the scope of one or more claims of the '923 Patent. Specifically, since in or about 2010 and/or 2011, T-Mobile has been making, using, importing, selling and/or offering for sale wireless devices, systems or services employing technology for switching wireless communications between networks, such as WiFi and cellular networks, within the scope of one or more of the claims of the '923 patent, without the "hand off" of ongoing communications to or from a WiFi network used in other systems or services.

16.     Additionally or alternatively, T-Mobile has been and/or is now indirectly infringing one or more claims of the '923 Patent, per 35 U.S.C. § 271 (b) and/or (c), by inducing and/or contributing to the use, importation, sale and/or offering for sale of that which is the claimed

3

subject matter of the '923 Patent, by its customers and/or business partners, which directly infringe one or more of the claims of the '923 Patent.  T-Mobile's customers and business partners within this Judicial District and elsewhere use products or services that come within or are operated within the scope of one or more claims of the '923 Patent *via* products or services sold or provided by, or obtained from, T-Mobile. On information and belief, such products or services comprise functions or features having no substantial non-infringing uses, and/or were supplied or provided by T-Mobile with knowledge that the same were made, adapted, configured and/or used so as to infringe the '923 Patent.

17.     Upon information and belief, T-Mobile's acts have been willful and with full knowledge of the '923 Patent and Plaintiffs are accordingly entitled to enhanced damages pursuant 35 U.S.C. § 284.

18.     Plaintiffs have been damaged by T-Mobile's infringement and, unless T-Mobile obtains a license for the '923 Patent, or is enjoined by the Court, T-Mobile will continue its infringing activity and Plaintiffs will continue to be damaged.

19.     Plaintiffs contend that this is an exceptional case, under 35 U.S.C. § 285, for which Plaintiffs should be awarded attorney fees and the costs incurred in prosecuting this action.

20.     T-Mobile's acts of infringement have caused irreparable harm to Plaintiffs for which there is no adequate remedy at law, and will continue to cause irreparable harm, unless T-Mobile is enjoined by this Court pursuant to 35 U.S.C. § 283.

## VI.     JURY DEMANDED

21.     Pursuant to Fed. R. Civ. P. 38(b), Calypso, Daic, and Williamson demand a trial by jury of all issues that are so triable.

**PRAYER**

22.     Calypso, Daic, and Williamson respectfully request the following relief:

a.   A preliminary and permanent injunction against T-Mobile, its officers, agents, servants, employees, attorneys, all parent and subsidiary companies, all assignees and successors in interest and those persons in active concert and participation with T-Mobile and enjoining from continuing acts of infringement of the '923 Patent;

b.   All actual damages;

c.   Enhanced damages pursuant to 35 U.S.C. § 284;

d.   Attorneys' fees pursuant to § 285;

e.   Injunctive relief prohibiting continued infringement of the '923 Patent;

f.   All costs of court; and

g.   Any other or further relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Guy E. Matthews*
Guy E. Matthews (lead counsel)
State Bar No. 13207000
C. Vernon Lawson
State Bar No. 12058150
Matthew C. Juren
State Bar No. 24065530
Matthews Lawson, PLLC
2000 Bering Drive, Suite 700
Houston, Texas 77057
(713) 355-4200 (Telephone)
(713) 355-9689 (Facsimile)
Email:
    gmatthews@matthewsfirm.com
    vlawson@matthewsfirm.com
    mjuren@matthewsfirm.com

**ATTORNEYS FOR PLAINTIFFS**